JOHN G. REESE and Wife *v.* COURT OF PROBATE OF NEWPORT.

A will executed according to law operates as a revocation of a former will, even if it contains no clause of revocation, where it purports to dispose of all the property of the testator in a manner different from, and inconsistent with, the disposition of it in the former will.

An instrument purporting to be a will, but executed in the presence of two witnesses only, and containing no clause of revocation, will not so operate, although it purports to dispose of all the property of the party signing it, in a manner different from, and inconsistent with, the disposition in the first, nor would it so operate if it contained a clause of revocation. As it fails to stand as a will, the clause of revocation fails with it.

APPEAL from a decree of the Court of Probate of the city of Newport, establishing the last will and testament of William Gibson, as executed March 8th, 1865. The facts of the case are stated in the opinion of the court.

*Sheffield for the appellants.*

*F. B. Peckham, Jr., for the defendants:—*

BRAYTON, C. J.  On the 8th day of March, 1865, William Gibson executed the instrument now propounded for probate, as his last will and testament. It was duly executed in all respects as required by the statute. Afterwards, on the 19th day of December, 1867, he executed another instrument, purporting to be his last will and testament. This last was executed in the presence of two subscribing witnesses only. It purports to dispose of all the estate of the testator, and in a

manner different from and inconsistent with the disposition in the first. It contained no clause of revocation. It was contended against the probate of this first will, that it had been revoked and annulled by the execution of the second instrument.

Had the second will been executed according to the requirements of the statute, in the presence of three subscribing witnesses, purporting, as it does, to make a different disposition of the property, and being entirely inconsistent with the first, and subsisting at the death of the testator, it must have prevailed as his last will, and from necessity, must have operated as a revocation of all prior wills. Not having been thus executed, its provisions do not contradict the prior devise, and it is not claimed that it can as a will revoke.

It is said, however, that although it is not a will capable of revoking, either expressly or impliedly, the prior will, it is, nevertheless, an " other writing revoking the same," within the meaning of the statute.

It might be sufficient to say to this view of the matter, that there is in this instrument no clause of revocation, and the instrument itself can in no proper sense be called a writing *revoking* any former will, or *declaring* any to be revoked. It contains no such declaration.

But had there been in it a clause expressly revoking this particular will, or all former wills, it would not be another writing within the statute, and could not operate as a revocation. The statute declares that all devises shall continue in force unless burned, etc., or unless the same be altered by some other will or codicil, or other *writing* of the devisor, signed in the presence of three or more witnesses declaring such alteration. As another writing signed by the devisor, it has the same defect as when offered as a will. It has but two witnesses, while it requires three to give it validity.

But the cases go further, and hold that if the writing declaring the revocation be part of a will, and executed as such, though the instrument be defectively executed, so that it cannot operate as a will, the clause of revocation cannot be set up

as another writing revoking any former devise. That being executed for a will, the clause is like every other declaration therein of the testator's will and intent, is ambulatory, and the whole instrument stands or falls together. *Laughton* v. *Atkins*, 1 Pick. 535 ; *Eggleston* v. *Speke*, Carthew, 79.

There were other questions raised by the appeal, none of which were pressed by the appellants, and which, therefore, it is not necessary to consider.

The decree of the court below proving and approving this will as the last will and testament of William Gibson, late of Portsmouth in this county, deceased, must be affirmed.

*Decree affirmed.*